### Chicago City Ry. Co. v. Michael Sheehan.

1. INSTRUCTIONS—*To Take into Consideration All the Facts and Circumstances in Evidence, Proper.*—An instruction directing the jury in assessing the damages to take into consideration all the facts and circumstances in evidence is proper.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Mr. Justice BAKER dissenting. Opinion filed December 4, 1903.

WILLIAM J. HYNES and JOHN B. BRADY, attorneys for appellant; MASON B. STARRING, of counsel.

GEMMILL & FOELL, attorneys for appellee.

MR. JUSTICE STEIN delivered the opinion of the court.

Appellee recovered ·judgment against appellant for injuries sustained by him in a collision between appellant's electric car and a wagon which appellee had been driving west on Thirty-fifth street in this city. He was in the employ of the Chicago House Wrecking Company, the yards of which were situate on the southwest corner of Thirty-fifth and Iron streets. The entrance to the yards is from Thirty-fifth street. Appellant has two tracks on Thirty-fifth street, the north one being used for cars going west and the south one for cars going east. When appellee, who was driving on the north track, had reached a point north of the entrance to the yards, he turned his team south, intending to cross the tracks and drive into the yards. As he was crossing the south track, appellant's car coming from the west ran into the wagon, overturning it, and inflicting the injuries sued for.

First. A large number of witnesses was called by each side. The case presents the conflict of testimony usually found in this class of cases. As usual, also, each party tries to put the blame for the collision upon the other, appellant contending it was free from negligence and appellee guilty of contributory negligence, and the latter claiming the contrary. A discussion and analysis of the evidence would serve no useful purpose. Suffice it to say that we have examined it with great care and do not find that the verdict is so clearly against the weight of the evidence as that there should be another trial upon that ground.

Second. On the subject of appellee's injuries each side called two physicians as witnesses. Of appellee's witnesses, one had subjected him to a thorough examination the day before the trial; the other had been in attendance upon him during the treatment for some sixteen weeks. Of appellant's witnesses, one, at its request, examined him at his

house immediately after the injury and was with him an hour; the other had simply observed his actions and movements in the court room during the trial. Appellee's proof tended to show that he was suffering from comminuted and complicated fracture of the thigh bone of his right leg and that the union, so far as any had taken place, was not osseous, but ligamentous only, materially interfering with the use of the leg and the performance of manual labor by appellee. At the time of the trial, seven months after the accident, he was still on crutches and the injury will in all probability be permanent. The right leg is about two inches shorter than the left one.

The jury assessed appellee's damages at $12,500. During the pendency of the motion for a new trial it was agreed between the parties that appellee should be examined by a certain named physician who might take an X-ray picture or photograph of the injured parts of his body and submit his report to the trial judge, together with an explanation of the photographs. The report thus made and the photographs taken (which it was stipulated should be received as proof) confirm the diagnosis of appellee's medical witnesses, and show " that there is an ununited fracture of the neck of the bone, or a fracture which has but very weak fibrous union, * * * and a complete fracture of the surgical neck of the femur. * * * The lesser trochantor has been split off from the bone."

The court required a remittitur of $6,500 and entered judgment for $6,000 with which we do not feel disposed to interfere.

Third. The one instruction given for appellee is objected to because it directed the jury in assessing the damages to " take into consideration all the facts and circumstances in evidence before them." An instruction similarly worded was approved by this court in West Chicago Street R. R. Co. v. Dougherty, *ante*, p. 204; and the reasons for the approval are the same here as there. See also Chicago v. Davies, *ante*, p. 427.

Fourth. The record contains copious extracts from the

closing address to the jury of appellee's counsel, and it is charged that it was of an unfair and improper character and seriously prejudiced the jury against appellant. It is sufficient to say that no exceptions were taken to any of counsel's remarks, and the only objection that appears is that what he was saying was " not the evidence." Even this objection does not seem to have been addressed to the court.

The record is unusually free from exceptions. We have found only two, one to the overruling of the motion for a new trial and the entry of judgment, the other to the giving of the one instruction asked by appellee. For appellant twenty-three instructions were given precisely as asked, covering nearly nine pages of the printed abstract and fully and favorably instructing the jury upon all questions that might possibly arise in the case.

The judgment is affirmed.

MR. JUSTICE FREEMAN concurring.

I concur in the result, because the jury having determined the issue as to negligence on conflicting evidence, I do not feel warranted in setting aside the verdict, even though as a juror I might have reached a different conclusion.

MR. JUSTICE BAKER dissenting.

I am unable to concur in the conclusion arrived at by the majority of the court that the evidence warranted the finding by the jury that appellee on the occasion of his injury exercised ordinary care for his own safety.